Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00274-CV

Tanita F. White **KEHOE** and B. Scott Kehoe,
Appellants

v.

## R. YATES PROPERTIES, II, LTD.,
Appellee

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 11-056
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:  September 21, 2011

DISMISSED AS MOOT

Tanita F. White Kehoe ("Tana") and B. Scott Kehoe (collectively, "the Kehoes") appeal from an order granting a temporary injunction, complaining it is void for non-specificity. R. Yates Properties, II, Ltd. filed a motion to dismiss the appeal as moot. Because the temporary injunction has dissolved by its own terms, we agree that the Kehoes' issues on appeal are moot; therefore, we grant the motion and dismiss the appeal.

## FACTUAL AND PROCEDURAL HISTORY

Tana and Yates own adjacent parcels of land in Kendall County, Texas. Upper Cibolo Creek Road traverses a portion of both properties. In November 2009 the parties entered into a settlement agreement and release. Part of the agreement concerned the construction of a bridge which would provide passage for vehicular traffic from Upper Cibolo Creek Road on Tana's property to Yates' property; the agreement provided that Tana would cooperate with Yates in construction of the bridge and would join in an application filed by Yates to classify Upper Cibolo Creek Road as a Class III county road. In exchange, Yates agreed to pay Tana certain sums of money and to surrender to Tana its interest in an easement, known as the Jamison Road Easement. Construction of the bridge was critical to Yates' development of its property because, until it was completed, the Jamison Road Easement provided the only access to Yates' property.

Tana violated the settlement agreement by withdrawing her joinder in Yates' application to classify Upper Cibolo Creek Road as a Class III county road, by interfering with construction of the bridge, and by preventing Yates from using the Jamison Road Easement. Yates subsequently sued The White Trust, Tanita F. White Kehoe, individually and as successor co-trustee of The White Trust, and Scott Kehoe, individually for interference with the right to use a public road and breach of contract. Yates also requested injunctive relief through a temporary restraining order and preliminary injunction based on its fears that the Kehoes would continue to violate its right to access to the property. The trial court granted Yates' request for a temporary restraining order on January 31, 2011.

After a hearing on March 17, 2011, the trial court ordered that the Kehoes were temporarily enjoined and restrained from: (1) interfering with construction of the bridge along Upper Cibolo Creek Road or interfering with the use of Upper Cibolo Creek Road; and (2)

interfering with or denying access to Yates or its agents, employees, and representatives use of the Jamison Road Easement. The latter restraint specifically provided that "[t]his provision of the Temporary Injunction shall dissolve by its own terms at the expiration of six (6) weeks from March 17, 2011, at which time Jamison Road Easement will be closed to [Yates] and its agents." Yates was also required to pay Tana $10,000 within one week from the date of the order.

### STANDARD OF REVIEW

Appellate courts are prohibited from determining moot controversies because such a review would constitute an impermissible advisory opinion. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). A temporary injunction becomes moot when a change in the status of the parties or the passage of time makes the injunction inoperative or when the objective of the injunction is accomplished. *See id.*; *see also Reagan Nat'l Adver. v. Vanderhoof Family Trust*, 82 S.W.3d 366, 371 (Tex. App.—Austin 2002, no pet.). The test for mootness is whether the court's action on the merits would affect the rights of the parties. *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993).

### DISCUSSION

The Kehoes filed their notice of appeal on April 14, 2011. Yates subsequently filed a motion to dismiss the appeal, arguing the appeal was moot because the temporary injunction expired by its own terms on the expiration of six weeks from March 17, 2011, which was April 28, 2011. Further, Yates timely delivered the $10,000 check to Tana as required by the trial court's order. The Kehoes filed a response, arguing that a controversy continues to exist independent of the events related to the expiration of the injunction prohibiting Yates from using the Jamison Road Easement and the payment of the $10,000. Specifically, the Kehoes argued that the portion of the injunction prohibiting Tana and her agents from interfering with the use of

Upper Cibolo Creek Road and from interfering with Yates' efforts to construct the bridge remained in effect. We held our ruling on the motion to dismiss in abeyance, and ordered the motion to be carried with the main appeal.

On appeal, the Kehoes maintain that the order for temporary injunction is void because it does not detail the specific reasons relied upon by the court for its issuance and because it does not divulge why injury will occur if the temporary injunction is not granted, in violation of Rule 683. *See* TEX. R. CIV. P. 683. Yates again responds that the appeal is moot because (1) the temporary injunction dissolved on April 28, 2011, (2) Yates paid the $10,000, and (3) construction of the bridge at issue has been completed. Thus, Yates no longer requires injunctive relief to prevent Tana from interfering with construction of the bridge or access via the Jamison Road Easement.

We agree that the temporary injunction has become inoperative, and the issue of its validity is therefore moot. *See Jones*, 1 S.W.3d at 86. Thus, any opinion regarding whether the trial court erred in granting the temporary injunction would be advisory and without any practical legal effect. *Id.* The Kehoes' issues on appeal are overruled.

### CONCLUSION

We grant Yates' Motion to Dismiss Appeal with Prejudice and dismiss the appeal as moot.


Phylis J. Speedlin, Justice