ACCEPTED
03-17-00749-CV
21197960
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/11/2017 10:13 AM
JEFFREY D. KYLE
CLERK

FILED
*January 5, 2018*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

03-17-00863-CV

No. 03-17-00749-CV

# In the
# Third Court of Appeals
# Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/11/2017 10:13:40 AM
JEFFREY D. KYLE
Clerk

SBI INVESTMENTS LLC, 2014-1,
AND L2 CAPITAL, LLC,

*Appellants,*

v.

QUANTUM MATERIALS CORP.,

*Appellee.*

On Appeal from the 428rd District Court,
Hays County, Texas (No. 17-2033)
The Hon. Gary Steel, Presiding

## APPELLANTS' BRIEF ON THE MERITS

Timothy A. Cleveland
  State Bar No. 24055318
Carlos R. Soltero
  State Bar No. 00791702
Kevin J. Terrazas
  State Bar No. 24060708
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Rd, # 306B
Austin, Texas 78746
512-689-8698

**ATTORNEYS FOR APPELLANTS**

## IDENTITIES OF PARTIES AND COUNSEL

**SBI Investments, LLC, 2014-1, and L2 Capital, LLC,**     **Appellants**

Timothy Cleveland     Trial and Appellate Counsel
Carlos Soltero
Kevin Terrazas
CLEVELAND | TERRAZAS PLLC
4611 BEE CAVE RD, # 306B
AUSTIN, TEXAS 78746
512.689.8698

**Quantum Materials Corp.**     **Appellees**

Michael Minns     Trial and Appellate Counsel
Ashley Arnett
MINNS & ARNETT
919 Gessner, Suite 1
Houston, Texas 77074
713.777.0772
713.777.0453 fax

Seth Kretzer
440 Louisiana, Suite 1440
Houston, Texas 77002
713.775.3050
713.929.2019 fax

TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ..................................................I

STATEMENT OF THE CASE.................................................................... IV

STATEMENT REGARDING ORAL ARGUMENT ...............................................V

ISSUES PRESENTED .......................................................................... VI

INTRODUCTION .................................................................................1

STATEMENT OF FACTS .......................................................................2

A.  Appellants and Quantum entered an arms-length business transaction in March 2017 where Appellants invested in Quantum....**2**

B.  Quantum Irrevocably Instructs Empire to Issue Shares of Common Stock to the Appellants in the Event of Default....................................**3**

C.  Quantum Defaults on the Agreements with Appellants. ................**5**

D.  Quantum files this lawsuit against Empire and obtains an *ex parte* TRO to stop Empire's transfer of Quantum stock to Appellants. .........**5**

E.  The district court sets the temporary injunction hearing for October 26, 2017 and Empire is not given notice of the same. .............**6**

STANDARD OF REVIEW .......................................................................**7**

SUMMARY OF THE ARGUMENT....................................................................**8**

ARGUMENT.......................................................................................**10**

I.  The District Court Erred in Entering the Injunction Order Because Empire Was Never Given Notice of the Hearing.................................**10**

II.  The District Court Erred in Entering the Injunction Order Because Quantum Gave Empire the Stock at Issue in Accordance with the Contract Such That There Was No Probable Right to Relief for Conversion. .....................................................................................**12**

III.  Because the Damages Here Are Monetary, There Is No Imminent and Irreparable Harm.......................................................**14**

CONCLUSION.....................................................................................**16**

CERTIFICATE OF COMPLIANCE.................................................................**18**

CERTIFICATE OF SERVICE ......................................................................**19**

# TABLE OF AUTHORITIES

CASES............................................................................................PAGE

*Apple Imports, Inc. v. Koole*, 945 S.W.2d 895
(Tex. App.—Austin 1997, writ denied) ..................................................13

*Austin v. Tex. Pub. Emps. Assoc.*, 528 S.W.2d 637
(Tex. Civ. App.—Austin 1975, no writ)..................................................10

*Bright Land & Cattle, LLC v. PG-M Int'l, LLC*,
No. 07-16-00336-CV, 2017 Tex. App. LEXIS 2083
(Tex. App.—Amarillo Mar. 9, 2017, no pet.)........................................15

*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198 (Tex. 2002) ..........................8

*Frey v. DeCordova Bend Estates Owners Ass'n*, 647 S.W.2d 246
(Tex. 1983)..............................................................................................16

*Hitt v. Mabry*, 687 S.W.2d 791
(Tex. App.—San Antonio 1985, no writ)...............................................13

*In re Turner*, 500 S.W.3d 641 (Tex. App.—Austin 2016, no pet.) ...........8

*Indep. Capital Mgmt., LLC v. Collins*, 261 S.W.3d 792
(Tex. App.—Dallas 2008, no pet.) ...........................................................8

*J. Luecke Grandchildren's P'ship, LP v. Barnard Ranches, LLC*,
No. 03-11-00027-CV, 2011 Tex. App. LEXIS 8009
(Tex. App.—Austin 2011, no pet.)..........................................................10

*Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1987) ..................10

*Reagan Nat'l Adver. v. Vanderhoof Family Trust*,
82 S.W.3d 366 (Tex. App.—Austin 2002, no pet.) ...........................8, 12

*Tanglewood Homes Ass'n v. Feldman*, 436 S.W.3d 48
(Tex. App.—Houston [14th Dist.] 2014, pet. denied) ...........................15


STATUTES/TREATISES

TEX. R. CIV. P. 21a .....................................................................................11
TEX. R. CIV. P. 681 .....................................................................................10
TEX. R. CIV. P. 683 .....................................................................................16

## STATEMENT OF THE CASE

Nature of the Case:          This appeal arises from a Temporary Injunction against Defendant Empire Stock Transfer based on a cause of action of conversion based on the potential that Empire may follow Appellee's specific authorizations to exchange debt obligations of Appellants for Appellee's shares. The injunction was entered despite there being no evidence Empire had any notice of the temporary injunction hearing and without a probable right to relief.

District Court:          The Honorable Gary Steel, 428th District Court, Hays County, Texas.

District Court Disposition:          The district court entered an Order Granting Temporary Injunction on October 26, 2017.

Related Proceedings:          None.

iv

### STATEMENT REGARDING ORAL ARGUMENT

Appellants SBI Investments LLC, 2014-1, and L2 Capital, LLC believe that oral argument is not necessary to aid the Court in resolving this appeal. The reversible errors of the Order Granting Temporary Injunction are evident on the face of the order and in the very short written record. Additionally, the laws controlling the relevant issues are straightforward and well established. Therefore, oral argument is unlikely to aid the Court in deciding this appeal. However, should the Court determine that oral argument is necessary, Appellants respectfully request that they be allowed to participate.

## ISSUES PRESENTED

1.      Whether the District Court abused its discretion in entering the Order Granting Temporary Injunction when the party enjoined, Empire Stock Transfer, was not provided notice of the temporary injunction hearing as required by Texas Rule of Civil Procedure 681.

2.      Whether the District Court abused its discretion in entering the Order Granting Temporary Injunction, when a contract specifically required that Empire acquire and later transfer the shares at issue such that no probable right to relief existed because Empire could not have committed conversion.

3.      Whether the District Court abused its discretion in entering the Injunction Order because there was no showing that any imminent or irreparable harm would befall Quantum.

## INTRODUCTION

The Temporary Injunction Order (the "Injunction Order") at issue in this case was entered *ex parte* because the party to whom it was filed against, Empire Stock Transfer ("Empire"), was never given the required notice of a hearing. That was by design. In an effort to avoid the business consequences of an arms-length investment transaction with Appellants (the investors), Appellee Quantum Materials ("Quantum") filed a lawsuit in Hays County, Texas against a Nevada-based transfer agent, Empire, alleging a claim of conversion. But Empire's only role with respect to the business relationship between Quantum and Appellants—like a title company or escrow agent—is as the transfer agent who holds and has been instructed in written agreements to distribute shares of Quantum stock to Appellants if Quantum defaulted on its obligations. Both Quantum and Appellants gave written and irrevocable authorization to Empire to exchange shares of Quantum stock to Appellants in the event of default. The temporary restraining order and later temporary injunction, therefore, were used by Quantum as a backhanded way to avoid the contractual consequences of Quantum's defaults. As expected, Empire has never appeared in this case and it is questionable as to whether Empire has ever been served.

Regardless of notice, the Injunction Order failed in several other respects. For example, because Quantum had authorized Empire to hold Quantum's shares in reserve and irrevocably authorized Empire to

1

distribute those shares to Appellants in the event of default, Empire could not have exercised wrongful or unauthorized dominion over Quantum's property. Further, while Quantum had no legal right to demand the return of the shares held by Empire in reserve, there is no evidence of such a demand, or that Empire failed to return those shares after being asked. Moreover, Quantum's complaints are about money and there is no showing (nor does the Injunction Order specify) of any imminent or irreparable harm that would be suffered by Quantum if the Injunction Order had not been entered.

The Injunction Order is both procedurally and substantively defective. Accordingly, the district court abused its discretion in entering the Injunction Order, and Appellants respectfully request that the Court reverse and remand for further proceedings.

## STATEMENT OF FACTS

### A. Appellants and Quantum entered an arms-length business transaction in March 2017 where Appellants invested in Quantum.

Appellants are investors in small and microcap companies based in New York and the Kansas City area. Quantum is a public company based in San Marcos, Texas. This case arises from an arms-length business deal between Appellants and Quantum. On March 29, 2017, Quantum consummated an investment transaction in a securities instrument with each of the Appellants. This investment transaction included both the

2

issuance of short-term debt securities by Appellants totaling $565,000, and an equity line of credit of up to $5,000,000. 3.RR.IX.1-6. The parties executed four promissory notes, a registration rights agreement, and an equity purchase agreement in connection with the investment transaction. *Id.* Appellants and Quantum were each represented by counsel in the negotiation of the securities transaction and the associated agreements. 2.RR.69; 3.RR.IX.1-6.

As part of the investment with Appellants, Quantum issued written, irrevocable instructions to Empire—its transfer agent in Nevada—to reserve shares of Quantum common stock for safekeeping for the benefit of the Appellants. 3.RR.IX.1-6, 11-14. That stock was reserved for the Appellants by Empire in accordance with the agreement. *Id.* The shares of Quantum stock that were reserved by Empire were not "issued" – meaning that while the shares were in reserve with Empire they had no dilutive effect on the Company. 2.RR.106.

### B. Quantum Irrevocably Instructs Empire to Issue Shares of Common Stock to the Appellants in the Event of Default.

The agreements between Appellants and Quantum also contained default provisions. 3.RR.IX.1-6. According to the agreements, a default occurs if there is: (a) failure by Quantum to repay principal or interest at maturity or on acceleration; (b) failure by Quantum to issue shares of its common stock upon an Appellants' exercise of a conversion right;

3

(c) delaying, impairing, or hindering by Quantum of Quantum's transfer agent—Empire—in transferring shares of Quantum common stock to Appellants pursuant to a default; (d) replacing Quantum's auditor without the consent of Appellants; (e) restating Quantum's financial statements in a manner that adversely affects Appellants' rights under their respective promissory notes, and (f) failing to file to register the Quantum shares from the equity purchase agreement. *Id.*

In the event that Quantum defaulted on its obligations under any of the promissory notes, the repayment of the full outstanding balance of that note would be accelerated, and additional contractually-agreed amounts would be owed by Quantum to Appellants. 3.RR.IX.1-2,4-5.

Based on these provisions, in the event of a default, Quantum issued written, irrevocable instructions to Empire to provide the Quantum shares previously reserved to Appellants. 3.RR.IX.11-14. Specifically, Quantum "irrevocably authorized and instructed" Empire to issue shares of Quantum common stock to Appellants "at the request of (Appellants) . . . ***without any further action or confirmation by [Quantum]***." *Id.* (emphasis added). Quantum sent these written, irrevocable instructions and authorizations to Empire in four transfer letters on March 29, 2017. *Id.* Quantum also repeatedly acknowledged in the agreements that Appellants' ability to exchange their promissory notes for shares of Quantum common stock was a "material obligation of [Quantum]" under the agreements. *Id.*

4

## C. Quantum Defaults on the Agreements with Appellants.

Quantum failed to perform several of its obligations in the agreements with Appellants, including (1) failing to file its initial registration statement with the Securities and Exchange Commission, (2) improperly restating its financials with the SEC, and (3) replacing its auditor without seeking or obtaining the consent of Appellants. 2.RR.94-95, 108-109. Quantum also failed to pay the amounts owed under the agreements. 2.RR.102, 108.

Quantum's defaults triggered Appellants' rights to recover the amounts due and payable by Quantum, in whole or in part, through the common stock in Quantum that was being held in escrow by Empire. 3.RR.IX.1-2, 4-5; 2.RR.94, 103. On October 2, 2017, L2 and SBI delivered to Quantum a notice invoking these rights. 2.RR.104. However, Quantum did not issue or deliver the shares to L2 and SBI, which constituted another default under the relevant agreements. 2.RR.104.

## D. Quantum files this lawsuit against Empire and obtains an *ex parte* TRO to stop Empire's transfer of Quantum stock to Appellants.

Quantum filed the underlying lawsuit against Empire, the transfer agent—but not Appellants—on September 28, 2017, just days before its full payment of the initial tranches of the promissory notes was due (and days before the Quantum shares underlying the

5

promissory notes would be eligible for resale into the market). CR.4-10. In doing so, Quantum asserted a claim of conversion against Empire. but did not allege any wrongdoing on Empire's part. *Id.* Before Empire ever received notice of the suit, Quantum obtained an *ex parte* TRO on October 2, 2017, which precluded Empire from transferring common stock of Quantum to Appellants. CR.11. The TRO also set the hearing for a temporary injunction on October 12, 2017. CR.12. In securing this *ex parte* TRO, Quantum did not disclose to the district court that it had previously agreed to irrevocably authorize and instruct Empire to transfer its common stock to Appellants—the very thing that it now claimed was an unlawful conversion by Empire.

E. **The district court sets the temporary injunction hearing for October 26, 2017 and Empire is not given notice of the same.**

On October 12th, Quantum moved (without written motion) the district court to extend the TRO, without notice to Empire. *See* CR.16.

Without any reference to or finding of good cause, the district court extended the TRO and set the temporary injunction hearing to October 26, 2017. CR.16. No return of service was ever filed showing that this Order Extending TRO was ever received by Empire. *See* http://public.co.hays.tx.us/default.aspx**.**[1] At the temporary injunction

---

[1] The record sheet with the "unserved" notation can be found at this link upon entering the underlying case number, 17-2033, at the search page

hearing on October 26, 2017, Quantum's counsel stated that Empire was "faxed" notice of the temporary injunction hearing, but Quantum provided no certificate or other evidence of service, or testimony in support of same. 2.RR.21-22. Empire did not appear at the temporary injunction hearing and has in fact never appeared in the case.

On October 26, 2017, the district court held a hearing related to the request for a temporary injunction. At the hearing, Quantum did not dispute the validity of its agreements with Appellants, or the transfer letters, which were admitted into the evidentiary record. 3.RR.IX1-6, 11-14; 2.RR.77. However, the district court entered the Injunction Order—prohibiting Empire from transferring Quantum common stock to Appellants in accordance with its contract. CR.19-20.

Appellants timely appealed on November 6, 2017. CR.23.

Following the notice of appeal, Quantum moved to correct the date of the trial setting provided in the temporary injunction, which purported to set the case for trial on April 16, 2017 (as opposed to April 16, 2018). Following that motion (and not part of this record), the district court granted the motion and made the clerical change.[2]

### STANDARD OF REVIEW

In an appeal from an order granting a temporary injunction, the

for civil records. Appellants ask that the Court take judicial notice of this docket sheet as it is a public record maintained by the district court.

[2] To preserve all rights, Appellants are filing a notice of appeal and motion to consolidate related to this revised order.

7

appellate court's review is "confined to the validity of that order." *Reagan Nat'l Adver. v. Vanderhoof Family Trust*, 82 S.W.3d 366, 370 (Tex. App.—Austin 2002, no pet.). "A reviewing court should reverse an order granting injunctive relief only if the trial court abused [its] discretion." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "A trial court has no discretion to misapply the law . . . ." *In re Turner*, 500 S.W.3d 641, 642 (Tex. App.—Austin 2016, no pet.). A trial court also abuses its discretion if it concludes that the applicant has demonstrated a probable injury or a probable right to recovery and the conclusion is not reasonably supported by evidence, *Reagan Nat'l Adver.*, 82 S.W.3d at 370, or if the temporary injunction fails to satisfy the specificity requirements of Rule 683 from the Texas Rules of Civil Procedure. *Indep. Capital Mgmt., LLC v. Collins*, 261 S.W.3d 792, 795-96 (Tex. App.—Dallas 2008, no pet.).

## SUMMARY OF THE ARGUMENT

The Injunction Order is invalid and should be reversed because the party enjoined by the order, Empire, did not receive the required notice of the temporary injunction hearing as required by Texas Rule of Civil Procedure 681. That rule is mandatory and renders any subsequent injunction invalid.

In addition, Quantum did not establish a probable right to recovery on its only claim against Empire—conversion—because the undisputed evidence establishes that Empire's possession of Quantum's shares was expressly and irrevocably authorized ahead of time, in writing, by

8

Quantum through a valid and binding agreement. Quantum therefore has no probable right of recovery because Empire could not have exercised wrongful dominion or control over Quantum's shares and Quantum never asked for Empire to return such shares—negating necessary elements of the sole claim.

Finally, Quantum's concerns in this case are that it would lose some of the value of its shares—a monetary concern. Courts have consistently held that monetary relief does not satisfy the imminent and irreparable requirement for the issuance of a temporary injunction. Moreover, any claimed harm is not imminent—Quantum is concerned about what "may" happen but there is no evidence that any immediate, irreparable harm will befall it.

Because the party enjoined, Empire, never received notice of the injunction hearing, a prior agreement between Appellants and Quantum authorized Empire to retain and transfer the stock at issue such that no conversion could have occurred, and because monetary relief would fully compensate Quantum for any injury, the district court abused its discretion in granting the temporary injunction. Appellants therefore respectfully request that the Court reverse and remand for further proceedings.

9

## ARGUMENT

**I. THE DISTRICT COURT ERRED IN ENTERING THE INJUNCTION ORDER BECAUSE EMPIRE WAS NEVER GIVEN NOTICE OF THE HEARING.**

Rule 681 of the Texas Rules of Civil Procedure states that a temporary injunction cannot issue without notice to the adverse party. TEX. R. CIV. P. 681; *J. Luecke Grandchildren's P'ship, LP v. Barnard Ranches, LLC*, No. 03-11-00027-CV, 2011 Tex. App. LEXIS 8009, *5-6 (Tex. App.—Austin 2011, no pet.) ("a temporary injunction shall not issue without notice to the adverse party and, unless otherwise agreed, an opportunity for the adverse party to offer testimony or other evidence to present its defenses"); *Austin v. Tex. Pub. Emps. Assoc.*, 528 S.W.2d 637, 640 (Tex. Civ. App.—Austin 1975, no writ) ("Tex. R. Civ. P. 681 requires that no temporary injunction be issued without notice to the adverse party. The requirement of notice impliedly requires an adequate opportunity to be heard").

On this ground alone the Injunction Order should be reversed because the party enjoined, Empire, was not provided the lawfully required notice under Rule 681. Notice is not a mere trivial formality but a matter of constitutional significance. *Peralta v. Heights Medical Center*, Inc., 485 U.S. 80, 84-86 (1987). Quantum sued Empire and obtained a TRO on October 2, 2017. CR.11-12. The TRO was extended (again without notice to Empire) and the notice of the hearing for the temporary injunction was executed on October 16, 2017. CR.16-17.

10

There is no return of service or any written certification of service in the record to show that Empire received notice of the temporary injunction hearing. In fact, the district court's online docket sheet states that the notice of the Temporary Injunction hearing—the October 16th order extending the TRO and set the hearing for October 27th—was "unserved." *See* http://public.co.hays.tx.us/default.aspx.

Appellants raised this issue at the temporary injunction hearing. 2.RR.8, 19-23. The only attempt by Appellee to satisfy the requirements of Rule 681 were statements by counsel at the hearing that notice of the Temporary Injunction hearing had been "faxed" to Empire through the ProDoc filing system. 2.RR.21-22. But no documentary evidence of that purported fax was provided by Appellee, nor did anyone testify to that effect. Moreover, ProDoc is an electronic filing system that does not have facsimile capabilities. *See* http://www.efiletexas.gov/Service-Providers/ProDoc.htm.

Rule 21a of the Texas Rules of Civil Procedure states that a signed, written certification by the serving party is prima facie evidence of the fact of service. TEX. R. CIV. P. 21a(e). There is no such certificate in the record. There was no evidence that Empire was provided notice of the temporary injunction hearing as required by Rule 681. For this reason, the Injunction Order should be reversed.

11

**II. THE DISTRICT COURT ERRED IN ENTERING THE INJUNCTION ORDER BECAUSE QUANTUM GAVE EMPIRE THE STOCK AT ISSUE IN ACCORDANCE WITH THE CONTRACT SUCH THAT THERE WAS NO PROBABLE RIGHT TO RELIEF FOR CONVERSION.**

In addition to the lack of notice, the district court abused its discretion in entering the Injunction Order because it was not possible for Empire to have converted the stock at issue—Quantum had already given that stock to Empire for safekeeping in the event of a default. A trial court abuses its discretion when it concludes that an applicant for a temporary injunction has demonstrated a probable injury or a probable right to recovery and the conclusion is not reasonably supported by evidence. *Reagan Nat'l Adver.*, 82 S.W.3d at 370. The district court's conclusion that Quantum demonstrated a probable right to relief is not reasonably supported by the evidence.

Quantum's only pleaded claim against Empire is for conversion. CR.6. The elements of conversion are "(1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property." *Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 899 (Tex. App.—Austin 1997, writ denied).

Empire was the transfer agent who held shares of Quantum stock in reserve based on the written agreements between Quantum and Appellants. 3.RR.IX.11-14. Empire therefore had direct authorization to assume and exercise dominion and control over the property. *Id.* In addition, Empire was irrevocably authorized and instructed by Quantum and SBI/L2—in writing—to transfer Quantum shares to SBI and L2 when requested by SBI and L2. 3.RR.IX.11-14. Quantum's CEO admitted at the temporary injunction hearing that the transfer letters documented how Empire was authorized to act. 2.RR.77. The second element of conversion requires that the defendant unlawfully and ***without*** authorization assume and exercise dominion and control over the property the exclusion of the plaintiff. *Apple Imports*, 945 S.W.2d at 899. Here, the undisputed and uncontroverted evidence establishes that Empire had specific, express, written authorization (from Quantum) to hold, and then issue, the Quantum shares to Appellants. 3.RR.IX.11-14.

Further, an injunction "must not be so broad as to enjoin a defendant from activities which are a lawful and proper exercise of his rights." *Hitt v. Mabry*, 687 S.W.2d 791, 795 (Tex. App.—San Antonio 1985, no writ). Because Empire had the authorization to transfer the shares—***in writing and from Quantum***—there is no evidence reasonably supporting Quantum's probable right of recovery against Empire on its conversion claim. Moreover, because the Injunction Order improperly restricts Empire from exercising its express rights and

13

obligations from the agreement between Quantum and Appellees, the Injunction Order cannot stand.

What's more, Quantum also failed to provide any evidence that it had requested the shares back from Empire or that Empire refused to provide Quantum with those shares. Notably, even in the lawsuit, Quantum does not seek to have Empire return the stock to Quantum—that would be in violation of the contract. Without even so much as a demand for return of the shares by Quantum, there is no basis for a conversion claim. *Apple Imports*, 945 S.W.2d at 899. It also follows that without a request for the return of the shares, Empire could not have refused to return them. *Id.*

Quantum failed to provide even a prima facie case of several of the elements of its claim. As such, the Injunctive Order was not based on a probably right to relief and the district court abused its discretion in entering the Injunctive Order.

## III. BECAUSE THE DAMAGES HERE ARE MONETARY, THERE IS NO IMMINENT AND IRREPARABLE HARM.

Finally, the district court abused its discretion in granting the Injunction Order because there was not a showing of imminent and irreparable harm—the only damages to Quantum is the loss of value of the shares transferred. In its petition, Quantum provides that "In the event of a default, the ***note holders*** can convert their debt into equity at a disproportionately favorable exchange rate in favor of the lenders."

14

CR.5 (emphasis added). In other words, what Quantum has complained about is not that they will be losing the shares, but that Appellants could purchase shares for a lower price—a monetary concern directed at Appellants, not Empire.

Claims for monetary damages do not rise to the level of irreparable and imminent harm. Indeed, a claim for monetary damages is the opposite of what is required for imminent and irreparable harm. "An injury is irreparable if it **cannot be** adequately remedied at law through monetary damages." *Tanglewood Homes Ass'n v. Feldman*, 436 S.W.3d 48, 77 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (emphasis added). The fact that Quantum does not seek return of the shares from Empire and its claimed harm is only the difference in value of the shares, there is no support that an injunction was warranted.

Quantum's other claimed concern is that "Quantum has other debt obligations for whom the respective lenders may try to piggyback on SBI Investment LLC and/or L2 Capital's unilateral declarations of default." CR.6. But not only did Quantum not support this claim with any evidence at the hearing, something that "may" happen in the future does not qualify as imminent harm. Indeed, "[i]mminent or immediate injury is not injury that may arise at some point." *Bright Land & Cattle, LLC v. PG-M Int'l, LLC*, No. 07-16-00336-CV, 2017 Tex. App. LEXIS 2083, *11 (Tex. App.—Amarillo Mar. 9, 2017, no pet.); *see also Frey v. DeCordova Bend Estates Owners Ass'n*, 647 S.W.2d 246, 248 (Tex. 1983) ("fear or

15

apprehension of the possibility of injury alone is not a basis for injunctive relief"). At best, at the hearing, Quantum provided testimony from a purported expert (not any shareholders or other persons) that "other debentures . . . have the option" to purchase shares at a decreased price—not that they would actually do so. 2.RR.53-54. Quantum did not establish any imminent or irreparable harm as a basis for the Injunction Order.

The Injunction Order even deviates from Quantum's claims and evidence, stating only that "Quantum Materials Corporation's stock will be converted with no mechanism for return of the stock to Quantum Materials Corporation." CR.19. But there is no imminent and irreparable harm in stock being transferred from one entity to another. Moreover, such a statement does not provide the specificity required under Texas Rule of Civil Procedure 683. TEX. R. CIV. P. 683.

## CONCLUSION

For the foregoing reasons, Appellants SBI Investments, LLC, 2014-1 and L2 Capital, LLC respectfully request that the Court reverse the district court's Order Granting Temporary Injunction and remand for further proceedings. Appellants further respectfully request all other relief to which they may be entitled, whether in law or equity.

Respectfully submitted,

By: /s/ Timothy A. Cleveland
    Timothy A. Cleveland
    State Bar No. 24055318
    Carlos Soltero
    State Bar No. 00791702
    Kevin J. Terrazas
    State Bar No. 24060708
    CLEVELAND | TERRAZAS PLLC
    4611 Bee Cave Rd, # 306B
    Austin, Texas 78746
    512-689-8698
    tcleveland@clevelandterrazas.com
    csoltero@clevelandterrazas.com
    kterrazas@clevelandterrazas.com

**ATTORNEYS FOR APPELLANTS**

**CERTIFICATE OF COMPLIANCE**

I certify that this document was produced on a computer using Microsoft Word and contains 3,625 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Timothy A. Cleveland
Timothy A. Cleveland

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December 2017, a true and correct copy of the foregoing was filed electronically, and notice of this filing will be sent to all parties by operation of the Court's electronic filing system as follows:

Michael Minns
Ashley Arnett
MINNS & ARNETT
919 Gessner, Suite 1
Houston, Texas 77074
713.777.0772
713.777.0453 fax

Seth Kretzer
440 Louisiana, Suite 1440
Houston, Texas 77002
713.775.3050
713.929.2019 fax

**ATTORNEYS FOR APPELLEE**

          /s/ Kevin J. Terrazas
          Kevin J. Terrazas

No. 03-17-00749-CV

# In the
# Third Court of Appeals
# Austin, Texas

SBI INVESTMENTS LLC, 2014-1, AND L2 CAPITAL,
LLC,

*Appellants*,

v.

QUANTUM MATERIALS CORP.,

*Appellee.*

On Appeal from the 428rd District Court,
Hays County, Texas (No. 17-2033)
The Hon. Gary Steel, Presiding

APPENDIX TO APPELLANTS' BRIEF ON THE MERITS

Timothy A. Cleveland
  State Bar No. 24055318
Kevin J. Terrazas
  State Bar No. 24060708
Carlos Soltero
  State Bar No. 00791702
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Rd, # 306B
Austin, Texas 78746
512-680-3257

ATTORNEYS FOR APPELLANT

**INDEX**

| Tab | Date | Description | Record Page |
|-----|------|-------------|-------------|
| A. | 10/26/17 | Order Granting Temporary Injunction | CR.19-20 |

# Tab A

FILED ✕

2017 OCT 27 PM 1:51

| | | |
|---|---|---|
| QUANTUM MATERIALS CORP. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HAYS COUNTY, TEXAS |
| | § | |
| EMPIRE STOCK TRANSFER, INC. | § | |
| | § | |
| Defendant, | § | 428th JUDICIAL DISTRICT |
| | § | |
| and | § | |
| | § | |
| SBI INVESTMENTS LLC, 2014-1, | § | |
| and L2 CAPITAL, LLC, | § | |
| | § | |
| Intervenors. | § | |

## <u>ORDER GRANTING TEMPORARY INJUNCTION</u>

This matter comes before the Court on Plaintiff Quantum Materials Corp.'s motion for a temporary injunction. Having reviewed the papers filed in support of and in opposition to this motion, and being fully advised, the Court finds that Quantum Materials has demonstrated both a strong likelihood of success on the merits and the possibility that it faces imminent and irreparable injury from Defendant's conduct. Accordingly, Quantum Materials is entitled to provisional injunctive relief, and the Court GRANTS its motion as follows:

1. Upon finding that Quantum Materials has carried its burden of showing (1) a cause of action against the defendant; (2) a probably right to relief sought; and (3) a probable, imminent, and irreparable injury in the interim, this Temporary Injunction is granted in accordance Texas Rule of Civil Procedure 683, and the inherent equitable powers of the Court.

2. Without a temporary injunction Quantum Materials Corporation's stock will be converted with no mechanism for return of the stock to Quantum Materials Corporation.

000019

3.	The Court hereby temporarily ENJOINS Defendant, its agents, servants, employees, and attorneys from conveying any shares it holds on behalf of Quantum Materials Corp., to SBI Investment LLC and/or L2 Capital;

4.	This Temporary Injunction shall take effect immediately and shall remain in effect pending trial in this action or further order of this Court.

5.	Quantum Materials has paid a bond, in the amount of $5,000.00. The bond shall serve as security for all claims with respect to this Temporary Injunction, and any additional injunctive relief ordered by the Court in this action.

6.	This case will be set for a trial on the merits on _April 16th, 2017_

DATED this _26_ day of _Oct_ , 2017, at _5:07_ a.m./p.m.

_____
JUDGE PRESIDING

000020