**In re Jeffrey LUTZ, Relator.**

No. 08–05–00162–CV.

Court of Appeals of Texas,
El Paso.

May 5, 2005.

Jeffrey D. Lutz, pro se.

Patricia A. Macias, El Paso, for respondent.

C. Jeff Minor, Semko & Minor, El Paso, for interested party.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS

RICHARD BARAJAS, Chief Justice.

This is an original proceeding in mandamus. Jeffrey Lutz, Relator, seeks a writ of mandamus requiring the trial court to recuse itself from presiding over the case in question. For the reasons stated below, we deny relief.

### STANDARD OF REVIEW

■ Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law. *Id.*

#### 1. Clear abuse of discretion

■ An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839–40. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.* at 840. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferen-

tial. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.*

#### 2. No adequate remedy by appeal

■ An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex.1986)(orig.proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker*, 827 S.W.2d at 840, *quoting State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989)(quoting James Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed.1979]).

### APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT

■ Relator is attempting to challenge the denial of his motion to recuse the trial court judge. Texas Rules of Civil Procedure provide that if the motion is denied, the denial may be reviewed on appeal from the final judgment. Tex.R. Civ. P. 18a(f); *In re Union Pacific Resources Co.*, 969 S.W.2d 427, 428 (Tex. 1998). Review of the denial of a motion to recuse via the normal appellate process is an adequate remedy, and thus intervention

in trial court proceedings by appellate courts through the extraordinary remedy of writ of mandamus is not justified. *Id.* at 428–29. If the motion to recuse is granted, the order of recusal is not reviewable. Tex.R. Civ. P. 18a(f); *District Judges of Collin County v. Commissioners Court of Collin County,* 677 S.W.2d 743, 745 (Tex.App.-Dallas 1984, writ ref'd n.r.e.). The record before us complains only of the denial of the motion for recusal. Accordingly, we deny the relief requested in the petition for mandamus.