

NUMBER 13-09-00427-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

IN RE MAURICIO CELIS

---

On Petition for Writ of Mandamus
and/or Writ of Prohibition.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Per Curiam Memorandum Opinion[1]**

Relator, Mauricio Celis, filed an "Emergency Application for Leave to File an Original

Petition for Writ of Mandamus and/or Writ of Prohibition and Original Petition for Writ of

Mandamus and/or Writ of Prohibition and Motion for Temporary Relief"[2] in the above cause

on July 24, 2009, complaining that the respondent, the Honorable Louis Sturns, abused

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] We dismiss relator's application for leave to file the petition for writ of mandamus and/or writ of prohibition as moot. The Texas Rules of Appellate Procedure no longer require the relator to file a motion or application for leave in an original proceeding. See generally TEX. R. APP. P. 52, cmt. to 1997 revision.

his discretion in granting a motion to recuse the Honorable J. Manuel Bañales from presiding over two of relator's cases.

Mandamus relief may be granted if the relator shows that: (1) the act sought to be compelled is purely ministerial; and (2) there is no adequate remedy at law. *See Deleon v. Dist. Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator must have a "clear right" to the relief sought and the merits of the relief sought must be "beyond dispute." *See id.* "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *See id.*

The Court, having examined and fully considered the petition for writ of mandamus and/or writ of prohibition, is of the opinion that relator has not shown himself entitled to the relief sought. *See* TEX. R. CIV. P. 18a(f); *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004); *In re Lutz*, 164 S.W.3d 721, 723-724 (Tex. App.–El Paso 2005, orig. proceeding); *Dist. Judges of Collin County v. Comm'rs Court of Collin County*, 677 S.W.2d 743, 745 (Tex. App.–Dallas 1984, writ ref'd n.r.e.); *see also Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.–Houston [1st Dist] 1994, writ denied). Accordingly, the petition for writ of mandamus and/or writ of prohibition, and motion for temporary relief, are DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this 24th day of July, 2009.