# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00367-CV

**In re Michael Turner**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

Relator Michael Turner has filed a petition for writ of mandamus complaining of the trial court's order, signed May 24, 2016, referring the underlying divorce proceeding to a private judge. Because we agree that the trial court abused its discretion in referring the cause, we conditionally grant mandamus relief. *See* Tex. R. App. P. 52.8(c).

## Procedural Background

Real party in interest Kira Anne Turner filed for divorce from Mr. Turner, and the trial court signed an order referring the proceeding to a special judge under chapter 151 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code §§ 151.001-.013. The Agreed Order of Referral ordered "that all of the issues in this case, whether issues of fact or law," were referred to the Honorable Paul Davis to "conduct the trial in the same manner as a district court trying an issue without a jury." Judge Davis was given "the powers of a district court judge," other than certain contempt powers, and was ordered to submit a verdict within sixty days of the conclusion of trial. Judge Davis held a trial and signed a divorce decree on January 28, 2016; the trial court approved and adopted Judge Davis's judgment on January 29. On May 12, Ms. Turner filed a

"Motion for Clarification of Prior Order for Property Division," along with a motion to have the cause referred back to Judge Davis.[1] Mr. Turner objected to the referral. Following a hearing, the trial court signed the order challenged here, referring Ms. Turner's motion for clarification to Judge Davis. Mr. Turner then filed this petition for writ of mandamus.

## Discussion

The standards generally applied in a mandamus proceeding are well-established: "mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law" and when the petitioning party lacks an adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding).

A trial court has no discretion to misapply the law, *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992), and so we first consider whether the trial court abused its discretion in signing the referral order. Ms. Turner asserts that the court's decision to refer the matter back to Judge Davis was not an abuse of discretion because it "is not unreasonable to ask the person who issued the ruling to clarify their reasoning." She notes that a trial court retains the power to clarify its order in a divorce proceeding[2] and argues that because a special judge is granted most of the same powers as the referring court, *see* Tex. Civ. Prac. & Rem. Code § 151.006, Judge Davis has the continuing authority to clarify his divorce decree. We disagree.

---

[1] Mr. Turner filed a petition to modify the child-custody provisions on April 8, but those provisions and his petition to modify are not at issue here.

[2] *See* Tex. Fam. Code § 9.006 ("court may render further orders to enforce the division of property made or approved in the decree of divorce or annulment to assist in the implementation of or to clarify the prior order").

2

Chapter 151 allows parties to a civil or family lawsuit to agree to have their case referred to a special judge. *Id.* § 151.001. The trial court then signs a referral order specifying the issues being referred, *id.* § 151.004, and the special judge must submit his verdict, which "stands as a verdict of the referring judge's court," within sixty days of the date the trial concludes, *id.* § 151.011. An appeal may be taken from the special judge's verdict in the same manner as any other appeal. *Id.* § 151.012. The question posed here is how long Judge Davis's authority continues.

Under the family code, a trial court retains jurisdiction to "render further orders to enforce the division of property . . . or to clarify the prior order."[3] Tex. Fam. Code § 9.006. However, a trial court's "continuing jurisdiction in a family law proceeding does not in itself prevent a judgment from being final." *Ex parte Holland*, 807 S.W.2d 827, 829-30 (Tex. App.—Dallas 1991, orig. proceeding). Further, a request to enforce or clarify a property division is made by "filing a suit to enforce . . . in the court that rendered the decree." Tex. Fam. Code § 9.001. In other words, a suit to enforce, including a request for clarification, is a separate lawsuit from the original divorce proceeding. *See Ansley v. Ansley*, No. 03-01-00241-CV, 2002 WL 1991193, at *4 (Tex. App.—Austin

---

[3] The potential interplay between a trial court's continuing jurisdiction in a family-law case and the referral of a family-law case to a special judge creates confusion, as is made apparent here. This concern was raised years ago by Professors W. Frank Newton and David G. Swenson in their law review article *Adjudication By Privately Compensated Judges In Texas*. 36 Baylor L. Rev. 813, 822-24 (1984). Professors Newton and Swenson noted that referral of a family-law suit to a special judge "could have the effect of allowing a type of functional forum-shopping," explaining that a dissatisfied party to a child-custody proceeding could later seek a modification and that, although "[n]ormally the same judge who originally heard the case would hear the request for modification," "the plaintiff could guarantee a different 'forum' by simply refusing to agree to a referral in the second suit." *Id.* at 823. Professors Newton and Swenson opined that the best solution would be for the legislature to amend chapter 151 to bar the referral of family matters to special judges and that, in the meantime, district judges should refuse referral requests in such cases. *Id.* at 824.

3

Aug. 30, 2002, no pet.) (not designated for publication) (family code "authorizes subsequent actions to either enforce a prior decree or to clarify an ambiguous decree" (citations omitted)).

The referral order in this case gave Judge Davis the authority to "conduct the trial" and issue a verdict, which then became the verdict of the trial court from which appeal could be taken. Because Ms. Turner's motion to clarify initiated a new suit and cannot be considered to be an extension of the original suit for divorce, *see id.*; *Ex parte Holland*, 807 S.W.2d at 830, Judge Davis's authority cannot be said to extend to the underlying clarification proceeding. Therefore, the trial court abused its discretion in concluding that the clarification proceeding should be referred to Judge Davis under the previous referral order entered in the divorce proceeding. Instead, the referral of Ms. Turner's motion for clarification requires a new referral order, which requires the agreement of both parties. *See* Tex. Civ. Prac. & Rem. Code § 151.001. The trial court abused its discretion in referring Ms. Turner's motion for clarification back to Judge Davis over Mr. Turner's objection.

Further, we disagree with Ms. Turner's contention that Mr. Turner has an adequate remedy by appeal and therefore is not entitled to mandamus relief. Because the trial court cannot give Judge Davis the authority to hear Ms. Turner's motion for clarification, a separate legal proceeding from the divorce, over Mr. Turner's objections, *see In re Baker*, No. 14-16-00101-CV, 2016 WL 2605766, at *3-4 (Tex. App.—Houston [14th Dist.] May 5, 2016, orig. proceeding), a careful balancing of jurisprudential considerations leads us to conclude that mandamus should issue to spare Mr. Turner from having to proceed in a forum in which he has the right not to litigate the property issues, *see In re Prudential Ins. Co.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).[4]

---

[4] *See also In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding) ("When, as in this case, a trial court improperly applied the venue statute and issued a ruling that

4

## Conclusion

The trial court abused its discretion in referring the motion to clarify to Judge Davis over Mr. Turner's objections, and Mr. Turner lacks an adequate remedy by appeal. We therefore conditionally grant Mr. Turner's petition for writ of mandamus. Writ will issue only in the unlikely event that the trial court does not act in accordance with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Filed: August 9, 2016

---

permits a plaintiff to abuse the legal system by refiling his case in county after county, which would inevitably result in considerable expense to taxpayers and defendants, requiring defendants to proceed to trial in the wrong county is not an adequate remedy."); *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 679 (Tex. 2007) (orig. proceeding) ("We have held that there is no adequate remedy by appeal when a trial court refuses to enforce a forum-selection clause. Erroneous denial of a forum-non-conveniens motion is closely analogous, and for the same reasons cannot be adequately rectified on appeal." (citations omitted)); *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding) (order entered by objected-to, not-retired assigned judge is void, and objecting party is entitled to mandamus relief); *In re Richardson*, 252 S.W.3d 822, 826 (Tex. App.—Texarkana 2008, orig. proceeding) ("It is well established that this no-adequate-remedy-at-law requirement is relaxed when the writ is sought against a trial judge who is acting without authority.").

5