# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00796-CV

## In re G. P.

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

In this original proceeding, relator G.P. (Mother) asks this Court to direct the trial court to dismiss the underlying parental-rights termination case. In its response, the Texas Department of Family and Protective Services ("Department") explained that it is not opposed to the requested relief. Because we agree that the trial court lost subject-matter jurisdiction over this case, we will conditionally grant mandamus relief and order the trial court to dismiss the underlying case.

## BACKGROUND

In February 2020, the trial court issued an ex parte order naming the Department as temporary managing conservator of Mother's children. Approximately three months later, the trial court held an adversary proceeding, issued temporary orders naming the Department as the temporary managing conservator of Mother's children, and announced the automatic dismissal date for the case if no trial had commenced. *See* Tex. Fam. Code § 263.401(a). Before the automatic dismissal date, the trial court extended the dismissal date for 180 days under subsection 263.401(b) of the Family Code. *See id.* § 263.401(b).

Because of the Supreme Court's issuance of emergency orders addressing concerns posed by the COVID-19 pandemic and because the trial court ordered the monitored return to Mother of her children but later ended the monitored return, the dismissal date was extended several times to February 1, 2022; May 18, 2022; and July 2, 2022. *See* Tex. Gov't Code § 22.0035(b); Thirty-Eighth Emergency Order Regarding the COVID-19 State of Disaster, 629 S.W.3d 900, 900-01 (Tex. 2021); Tex. Fam. Code § 263.403(b), (c).

A trial in the case commenced on May 9, 2022, before the expiration of the extended dismissal date, but the trial court declared a mistrial on June 1, 2022, after the jury announced that they were deadlocked. Following that ruling, the Department filed a motion for new trial, and the trial court granted the motion. *See* Tex. R. Civ. P. 329b(a). The trial court specified in its order that the automatic dismissal date was extended to November 28, 2022, due to the mistrial and subsequent granting of the motion for new trial. *See* Tex. Fam. Code § 263.401(b-1).

A few days before the new November 28, 2022 dismissal date, the parties filed a Rule 11 agreement explaining that they had agreed to settle the dispute under an agreement in which Mother would be named joint managing conservator, have the exclusive right to designate the children's primary residence, and have possession of the children at all times not designated in the standard possession order. *See* Tex. R. Civ. P. 11. The parties also stipulated that they agreed to waive the jury trial scheduled for November 28, 2022, but agreed to appear before the trial court for securing approval of the agreement. The Court Appointed Special Advocate (CASA), who acted as the guardian ad litem for the children, did not sign the agreement. *See* Tex. Fam. Code § 107.002(c) (setting out duties for guardian ad litem).

On December 2, 2022, the trial court issued an order granting a mistrial and specifying that the following events occurred after the parties entered into the Rule 11 agreement:

> The trial in this matter commenced on November 28, 2022, and the Court was asked to approve a Rule 11 Agreement agreed by the . . . Department[,] . . . Mother, and Attorney Ad Litem for the children, but which had not been agreed by CASA, the Guardian Ad Litem for the children. The Rule 11 Agreement, filed on November 22, 2022, provided that the parties agreed to waive the jury trial setting on November 28, 2022, and to instead [] have the jury panel dismissed and to appear before the Court without a jury for a trial in which they would seek approval of the Agreement.
>
> Upon the commencement of trial, the Court heard testimony from three witnesses, [Department] employee Ms. Light, Respondent Mother . . . , and CASA volunteer Ms. Maguire. After hearing this testimony, the Court declined to approve the Rule 11 Agreement, instead finding that the parties' Rule 11 Agreement is not in the best interest of the children, as asserted by CASA.
>
> Accordingly, the Court declared a mistrial on November 28, 2022, and additionally or alternatively found that extraordinary circumstances necessitate the children remain in the temporary managing conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator is in the best interest of the children.
>
> The Court also found that pursuant to Texas Family Code 263.401(b)(3) and (b-1)(1)(A), this case should be retained on the Court's docket and a new dismissal date shall be set not later than 180 days after the mistrial was declared.

The trial court then explained that the dismissal date was extended to May 26, 2023, and that the terms of the ruling were pronounced in open court on November 28, 2022.

Contemporaneous with the trial court's order, Mother filed a motion to dismiss asserting that the trial court did not have the authority to extend the dismissal date beyond the automatic dismissal date previously set—November 28, 2022—and, therefore, requesting that the trial court dismiss the case. The trial court held a hearing regarding the motion to dismiss. At the hearing, Mother argued that the trial court must dismiss the case because the automatic

3

dismissal date had passed and because no more applicable exceptions were available to justify an extension past November 28, 2022. The Department asked the trial court to reconsider approving the Rule 11 agreement and explained that it was unopposed to the motion to dismiss if the trial court declined to revisit its ruling regarding the agreement. Similarly, the attorney ad litem for the children stated that Mother's request for a dismissal should be granted. However, CASA stated that it had concerns about the children being returned to Mother's custody and, therefore, objected to the request for a dismissal. The foster mother explained that she had hired an attorney, planned to intervene in the case, believed Mother's rights should be terminated, and wanted to be named as a conservator of the children.

After considering the parties' arguments, the trial court denied the motion to dismiss. When explaining its ruling, the court stated that although the prior trial resulted in a hung jury, there was some evidence that could have supported termination of Mother's rights. Further, the court reasoned that it dismissed the jury panel in the rescheduled trial because the parties stated there was a settlement but clarified that it would not have dismissed the panel had it known that CASA was not in favor of the settlement or that the person selected as the possessory conservator in the settlement had not fostered the children. Additionally, the court stated that it was not in the best interest of the children to be returned to Mother's care "with no checks and balances or oversight" and that it was not the intent of the law "to require that these children be returned to their parent for whom there remain serious questions about abuse."

Following that ruling, Mother filed a petition for writ of mandamus asking this Court to order the trial court to dismiss the case. In its response, the Department stated that it does not oppose Mother's requested relief. However, in its reply, the trial court explained that it dismissed the jury panel after Mother's counsel stated that the parties had reached an agreement;

that it heard evidence on November 28, 2022, persuading it that the agreement was not in the children's best interest; and that extraordinary circumstances warranted the children remaining in the Department's temporary managing conservatorship. More specifically, the court stated that it learned during the hearing that CASA objected to the agreement and that the foster parents intended to intervene in the case. The court explained that it granted another mistrial that day and scheduled a new automatic dismissal date. Moreover, the court reasoned that setting a new dismissal date did not contravene the governing statutory framework because a new trial commenced on November 28, 2022, but resulted in a mistrial.

## STANDARD OF REVIEW AND GOVERNING LAW

Mandamus is an extraordinary remedy. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "The standards generally applied in a mandamus proceeding are well-established: 'mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law' and when the petitioning party lacks an adequate remedy by appeal." *In re Turner*, 500 S.W.3d 641, 642 (Tex. App.—Austin 2016, orig. proceeding) (quoting *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding)). A trial court abuses its discretion when its decision results from a failure "to analyze or apply the law correctly." *Walker*, 827 S.W.2d at 840. "A trial court abuses its discretion if it enters a void order, and mandamus will issue to remedy the void order regardless of whether the relator has an adequate remedy by appeal." *In re J.R.*, 622 S.W.3d 602, 604 (Tex. App.—Fort Worth 2021, orig. proceeding). An order is void if it is entered when a court lacks subject-matter jurisdiction. *Id.*

Resolution of the issue raised in Mother's mandamus petition involves statutory construction. Appellate courts review de novo questions of law involving statutory interpretation. *See Hegar v. American Multi-Cinema, Inc.*, 605 S.W.3d 35, 40 (Tex. 2020). "Our primary objective in statutory construction is to ascertain and give effect to the Legislature's intent." *In re Volkswagen Clean Diesel Litig.*, 557 S.W.3d 78, 83 (Tex. App.—Austin 2017, no pet.). "We consider the words in context, not in isolation" and "rely on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from the context, or unless such a construction leads to absurd results." *Id.*

## DISCUSSION

In this original proceeding, Mother contends that the trial court abused its discretion by refusing to dismiss the termination proceeding after losing subject-matter jurisdiction over the case. When presenting her arguments, Mother notes that section 263.401 of the Family Code imposes an automatic dismissal date for suits seeking to terminate parental rights. *See* Tex. Fam. Code § 263.401. Although Mother recognizes that section 263.401 has two types of exceptions authorizing extensions of the automatic dismissal date, she urges that the dismissal date had already been extended under both exceptions and that those extensions may not be used more than once per case. Accordingly, Mother asserts that the trial court's decision to extend the dismissal date for a third time under section 263.401 was not authorized by the statute and that, therefore, the trial court lost jurisdiction over the underlying case.

To resolve the question raised in this mandamus proceeding, we must construe section 263.401 of the Family Code. Under that provision, when a child has been placed in the custody of the Department as part of a suit affecting a parent-child relationship in which the

6

Department has requested termination of that relationship, the trial court loses jurisdiction over the case if a trial on the merits has not commenced "on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator." *Id.* § 263.401(a). Under those circumstances, "the suit is automatically dismissed." *Id.* However, the Family Code does contain exceptions to the automatic dismissal if the trial court "grant[s] an extension under" subsections 263.401(b) or (b-1). *Id.*

Under subsection 263.401(b), if no trial has commenced, "the court may retain the suit on the court's docket for a period not to exceed 180 days" after the automatic dismissal date if "the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the [D]epartment as temporary managing conservator is in the best interest of the child." *Id.* § 263.401(b). The trial court is required to set a new automatic dismissal date. *Id.* Under subsection 263.401(b-1), if a trial commenced before the automatic dismissal date but the trial court granted a motion for a new trial or mistrial, the trial court must retain the suit on its docket and establish a new automatic dismissal date, "which must be a date not later than the 180th day after the date on which . . . the motion for a new trial or mistrial is granted." *Id.* § 263.401(b-1). If a trial court grants an extension under either subsections (b) or (b-1) "but does not commence the trial on the merits before the [new] dismissal date, the court's jurisdiction over the suit is terminated and the suit is automatically dismissed without a court order." *Id.* § 263.401(c). Further, trial courts "may not grant an additional extension that extends the suit beyond the required date for dismissal under [s]ubsection (b) or (b-1), as applicable." *Id.*

7

In construing these provisions, we first note that the United States Supreme Court has recognized that parental rights are of constitutional dimension and are "far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982). Next, we note that the legislature has recognized the importance of providing children with permanence and stability in their lives. *In re D.S.*, 455 S.W.3d 750, 752 (Tex. App.—Amarillo 2015, no pet.). "To that end, the legislature passed section 263.401 of the Texas Family Code mandating the time limits by which the Department must complete a termination action." *Id.* "The purpose of section 263.401 is to prevent children from languishing indefinitely in foster care." *In re M.C.M.*, 57 S.W.3d 27, 36 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *see also In re Bishop*, 8 S.W.3d 412, 416-17 (Tex. App.—Waco 1999, orig. proceeding [mand. denied]) (explaining that legislature enacted earlier version of section 263.401 on assumption that "parental rights be terminated or families be reunified within twelve months"). Although the statute has been amended over the years, the aim of the statute remains to "encourage prompt resolution of suits in which the Department . . . requests termination of the parent-child relationship." *In re G.X.H.*, 627 S.W.3d 288, 292 (Tex. 2021); *see also In re Texas Dep't of Fam. & Protective Servs.*, 210 S.W.3d 609, 614 (Tex. 2006) (orig. proceeding) (recognizing "that a statutory deadline would expedite the trial of these cases to help provide a modicum of certainty for children whose family situations are subject to the events in these proceedings").

Turning to the language of the statute, we note that subsection (b-1) authorizes extending the initial automatic dismissal date established under (a) or an already extended date under subsection (b) but does not authorize the extension of a dismissal date that had previously been extended under subsection (b-1) due to a mistrial or the granting of a new trial. *See* Tex. Fam. Code § 263.401(b-1). Similarly, subsection (b) allows for the extension of an automatic

8

dismissal date established under subsection (a) but does not speak to extending the automatic dismissal date if it has already been extended under subsection (b) or (b-1). *Id.* § 263.401(b).

Accordingly, by its terms, section 263.401 appears to allow at most one extension under subsection (b) and one extension under subsection (b-1) but does not allow more than one extension under either subsection, and there do not appear to be any exceptions found in the statutory framework or identified in governing case law. *Id.* § 263.401. This construction is consistent with the legislature's purpose of encouraging prompt resolutions in these types of cases unlike a construction in which multiple extensions could be ordered. *See In re Department of Fam. & Protective Servs.*, 273 S.W.3d 637, 645, 648-49 (Tex. 2009) (declining to adopt construction of prior version of statute that would "allow the trial court to retain the case on its docket indefinitely despite motions to dismiss" because construction "would effectively" nullify "the time limitations specified by the legislature"), *superseded by statute on other grounds as explained in In re G.X.H.*, 627 S.W.3d at 295 & n.4.

This construction is also consistent with the legislature's exclusive use of the singular when referring to the two types of extensions in subsections (a) and (c). *See* Tex. Fam. Code § 263.401 (discussing in two subsections trial court granting "*an* extension under [s]ubsection (b) or (b-1)") (emphasis added). Consistently, in subsections (b) and (b-1), the legislature referred to the extensions in the singular. *See id.* § 263.401(b), (b-1) (noting in subsection (b) that automatic dismissal date may be extended "for *a* period" and stating in subsection (b-1) that extension may occur if "the court grants *a* motion for a new trial or mistrial" and directing court to specify "*a* new date on which the suit will be automatically dismissed"). *Id.* § 263.401(b), (b-1) (emphases added). Perhaps more importantly, this construction is consistent with the prohibitions found in subsection (c). That subsection provides

9

that if "*an* extension" is granted "under [s]ubsection (b) or (b-1)" but no trial commences before the dismissal date, the trial court's "jurisdiction over the suit is terminated and the suit is automatically dismissed," and the provision prohibits the trial court from "grant[ing] an additional extension that extends the suit beyond the required date for dismissal under [s]ubsection (b) or (b-1), as applicable." *Id.* § 263.401(c).

Although the Code Construction Act specifies that "[t]he singular includes the plural," Tex. Gov't Code § 311.012(b), the Act also states that "[w]ords and phrases shall be read in context," *id.* § 311.011(a). Moreover, when addressing a potential conflict between these construction tools, our sister court explained that the Act "expresses a legislative preference for contextual interpretation." *See O'Quinn v. Wood*, No. 12-08-00011-CV, 2009 WL 2367133, at *5 (Tex. App.—Tyler June 10, 2009, order) (discussing how sections 311.012(b), 311.005, and 311.016 prioritize context over general reading). In this context, the legislature's repeated use of the singular is significant, and nothing in the language of the statute indicates that the terms were meant to include multiple extensions under subsections (b) or (b-1). *See id.*

In light of the preceding, we conclude that to the extent that section 263.401 can be read as authorizing more than one extension, it authorizes at most one extension under subsection (b) and one extension under subsection (b-1) if the requirements for those provisions are met. *See* Tex. Fam. Code § 263.401. In any event, the statute does not authorize multiple extensions under either subsection. *See id.*; *see also In re Department of Fam. & Protective Servs.*, 273 S.W.3d at 643 (addressing earlier version of statute but explaining that "[a] trial court may not grant a second extension to retain the suit on the court's docket beyond the 180-day limit").

In this case, the trial court authorized an extension under subsection (b) after concluding that the statutory requirements were met, and the trial court later authorized an extension under subsection (b-1) after a deadlocked jury resulted in a mistrial. *See* Tex. Fam. Code § 263.401(b), (b-1). During a hearing on the extended automatic dismissal date— November 28, 2022—that the trial court described as commencing the trial, the trial court declared another mistrial. The trial court then ordered that the automatic dismissal date be extended for an additional 180 days and explained that the extension was authorized under subsection (b) or subsection (b-1). However, the statute did not authorize a third extension under either subsection. *See id.*

In light of the foregoing, we conclude that the trial court lost jurisdiction over the termination case after declaring a mistrial because the statutory exceptions relied on by the trial court did not authorize an additional extension of the automatic dismissal date. Accordingly, the trial court's ruling attempting to further extend the dismissal date is void, and the trial court had no discretion but to dismiss the case. *See In re J.R.*, 622 S.W.3d at 606. Because the trial court's ruling is void, mandamus is warranted. *See id.* at 604; *see also Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (providing that justice "demands a speedy resolution" in suits affecting parent-child relationships). This seems particularly true here where a potential trial is at best months away. *Compare In re Department of Fam. & Protective Servs.*, 273 S.W.3d at 645, 648-49 (determining that mother had no adequate remedy by appeal where trial court abused its discretion by failing to dismiss "because the children would remain in the Department's custody" and because "it is unknown when the trial court would issue a final order subject to appeal"), *with In re Texas Dep't of Fam. & Protective Servs.*, 210 S.W.3d at 614 (concluding that relator had adequate remedy by appeal even though trial court abused its

discretion by failing to dismiss suit within statutory time under prior version of statute because trial was underway when dismissal date passed and concluded few days later and because parties could have initiated accelerated appeal "at worst two days after they filed their petitions for writ of mandamus" but explaining that there are other contexts in which failure to dismiss under section 263.401 would not have adequate remedy by appeal).

## CONCLUSION

For these reasons, we conditionally grant Mother's request for mandamus relief. *See* Tex. R. App. P. 52.8(c); *In re J.R.*, 622 S.W.3d at 606 (conditionally granting relief); *see also In re J.D.A.S.*, No. 14-22-00115-CV, 2022 WL 3365259, at *5 (Tex. App.—Houston [14th Dist.] Aug. 16, 2022, no pet.) (mem. op.) (vacating termination order in appellate context and dismissing case). Our writ will issue only if the trial court fails to dismiss the underlying case. We deny as moot Mother's motion for expedited consideration.

_____

Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Smith

Filed: February 10, 2023