# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-01031-CV

**In re Kiya Sakaris**

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

### M E M O R A N D U M   O P I N I O N

Kiya Sakaris has filed a petition for writ of mandamus asking this Court to order the judge from the trial court to recuse himself from her case and to stay all proceedings. In her petition, she asserts that the trial judge demonstrated discriminatory, biased, and procedurally abusive conduct in the current case and in prior cases involving her or her family members. Further, she contends that she filed a motion demonstrating the trial judge's bias but that the trial judge refused to recuse. Accordingly, she asserts that mandamus relief is warranted in this case. For the reasons that follow, we deny Sakaris's mandamus petition.

Mandamus is an extraordinary remedy. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "The standards generally applied in a mandamus proceeding are well-established: 'mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law' and when the petitioning party lacks an adequate remedy by appeal." *In re Turner*, 500 S.W.3d 641, 642 (Tex. App.—Austin 2016, orig. proceeding) (quoting *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex.

2009) (orig. proceeding)).  Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker,* 827 S.W.2d at 840.

Rule 18a of the Rules of Civil Procedure governs the recusal of judges.  Tex. R. Civ. P. 18a.  A party may file a motion stating grounds for the trial judge's recusal.  *Id.* R. 18a(a).  When a motion is filed, the judge shall then either recuse himself or refer the matter to the presiding judge of the administrative judicial district, who should either consider the motion or assign another judge to hear the motion.  *Id.* R. 18a(f), (g).  A motion to recuse that does not comply with the requirements of Rule 18a may be denied summarily.  *Id.* R. 18a(g)(3).  "An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment."  *Id.* R. 18a(j)(1).

The appendix attached to Sakaris's mandamus petition shows that her motion to recuse the trial judge was referred to the presiding judge for the third administrative judicial region as required by the Rules of Civil Procedure.  *See id.* R. 18a(e), (f).  Moreover, upon reviewing the motion, the presiding judge summarily denied the motion because it was not verified as required by the Rules of Civil Procedure.  *See id.* R. 18a(a)(1); *see also Serrano v. Ryan's Crossing Apts.*, 241 S.W.3d 560, (Tex. App.—El Paso 2007, pet. denied) (explaining that verification is formal declaration made in front of authorized officer, such as notary public, swearing to truth of statements in document).  Further, the presiding judge explained that the alleged bias in the case was founded on rulings made by the trial judge.  *See Drake v. Walker*, 529 S.W.3d 516, 528 (Tex. App.—Dallas 2017, no pet.) ("Judicial rulings alone almost never constitute a valid basis for a motion to recuse based on bias or partiality.").

As set out above, the "Rules of Civil Procedure expressly provide for appellate review from a final judgment after denial of a recusal motion."  *In re Union Pac. Res. Co.*,

2

969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding) (distinguishing between disqualifications and recusals). "If the appellate court determines that the judge presiding over the recusal hearing abused his or her discretion in denying the motion and the trial judge should have been recused, the appellate court can reverse the trial court's judgment and remand for a new trial before a different judge." *Id.* "This procedure is no different than the correction of any trial court error through the normal appellate process." *Id.* "[A]n appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. . . . [T]he 'delay in getting questions decided through the appellate process . . . will not justify intervention by appellate courts through the extraordinary writ of mandamus.'" *Walker*, 827 S.W.2d at 842 (quoting *Iley v. Hughes*, 311 S.W.2d 648, 652 (1958)). Accordingly, a party seeking to challenge the denial of a recusal motion under Rule 18a has an adequate remedy by appeal. *See In re Union Pac. Res. Co.*, 969 S.W.2d at 429; *see also In re Lutz*, 164 S.W.3d 721, 723-24 (Tex. App.—El Paso 2005, orig. proceeding) ("Review of the denial of a motion to recuse via the normal appellate process is an adequate remedy, and thus intervention in trial court proceedings by appellate courts through the extraordinary remedy of writ of mandamus is not justified.").

Because the record before this Court shows that Sakaris's recusal motion was denied under Rule 18a and because she has an adequate remedy by appeal, we deny her petition for writ of mandamus. *See* Tex. R. App. P. 52.8; *In re Lutz*, 164 S.W.3d at 724.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Filed: January 2, 2026

3