# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00882-CV

## In re Danny Patrick McCoy

## ORIGINAL PROCEEDING FROM BASTROP COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Danny Patrick McCoy, proceeding pro se, has filed a petition for writ of mandamus challenging the denial of his motion to recuse the trial court judge in the underlying suit. Relator alleges in his petition that Judge Robert H. Trapp, the regional presiding judge for the Second Administrative Judicial Region of Texas, abused his discretion by refusing to hold a hearing on the motion to recuse. Relator asks us to issue a writ of mandamus directing Judge Trapp to vacate the order denying recusal and "[o]rder compliance with [Rule] 18a(f) [of the Texas Rules of Civil Procedure], including a hearing with notice and a ruling based upon the evidence…." Based on the following, we deny the petition.

Rule 18a of the Rules of Civil Procedure governs the recusal of judges. Tex. R. Civ. P. 18a. A party may file a motion stating grounds for the trial judge's recusal. *Id*. R. 18a(a). When a motion is filed, the judge must either sign an order of recusal or refer the matter to the presiding judge of the administrative judicial district, who should either consider the motion or assign another judge to hear the motion. *Id*. R. 18a(f), (g). McCoy does not dispute that the trial

court timely referred his recusal motion to Judge Trapp, the regional presiding judge in this case, who proceeded to consider the motion himself. Rather, McCoy complains that Judge Trapp denied the motion "without holding a mandatory hearing and without making required findings." The rule expressly provides, however, that "[a] motion to recuse that does not comply with this rule *may be denied without an oral hearing*," provided that the order "state the nature of the noncompliance." *Id*. R. 18a(g)(3)(A) ("Summary Denial for Noncompliance") (emphasis added). Here, in the complained-of order as it appears in the appendix attached to McCoy's petition, Judge Trapp explains that the alleged bias in the case was founded on rulings made by the trial judge. *See Id*. R. 18a(a)(3) (recusal motion "must not be based solely on the judge's rulings in the case"); *see also Drake v. Walker*, 529 S.W.3d 516, 528 (Tex. App.—Dallas 2017, no pet.) ("Judicial rulings alone almost never constitute a valid basis for a motion to recuse based on bias or partiality."). It was on that ground that Judge Trapp summarily denied the motion without a hearing.

Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." *See* Tex. R. Civ. P. 18a(j)(1). Accordingly, a party seeking to challenge the denial of a recusal motion under Rule 18a has an adequate remedy by appeal. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 429 (Tex. 1998); *see also In re Lutz*, 164 S.W.3d 721, 723-24 (Tex. App.—El Paso 2005, orig. proceeding) ("Review of the denial of a motion to recuse via the normal appellate process is an adequate remedy, and thus intervention in trial court proceedings by appellate courts through the extraordinary remedy of writ of mandamus is not justified.").

Because the record before this Court shows that McCoy's recusal motion was denied under Rule 18a, we conclude that he has an adequate remedy by appeal. *In re Lutz*, 164 S.W.3d at 724. Accordingly, the temporary stay is lifted, and the petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Theofanis

Filed: January 13, 2026